[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (DOCKET ENTRY NO. 106)
In this five count complaint, the plaintiff alleges she sustained personal injuries and losses as a result of the defendant driver's negligent operation of his vehicle. The defendant driver was insured for liability by the co-defendant, Nationwide Mutual Insurance Company. Counts Two, Three, Four and Five are directed to Nationwide, who has moved to strike each of those counts. At oral argument on November 13, 2001, the court granted the motion as regards Counts Two and Four and reserved decision on Counts Three and Four.
All counts directed to Nationwide arise out of the carrier's telephone calls to the plaintiff on various dates following the accident. She claims she informed Nationwide on numerous occasions that she was represented by counsel; yet, the carrier continued to call her directly in an effort to influence her to settle her claim against the defendant driver (Nationwide's insured) without involving her attorney. Count Three asserts a cause of action for breach of the insurer's duty of good faith and fair dealing. Count Five alleges Nationwide's conduct was an unfair CT Page 1297-cn or deceptive trade practice or act in violation of Connecticut General Statute § 42-110b et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1999). In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33 (1996), cert. denied, 520 U.S. 1103,117 S.Ct. 1106,137 L.Ed.2d 308 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted)Doe v. Yale University, 252 Conn. 641, 667 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted) Id.
In Count Three of her complaint, the plaintiff alleges: (1) Nationwide contacted her on numerous occasions, without involving her attorney, in an attempt to negotiate and coerce her to accept a settlement; (2) Nationwide knew she was then represented by an attorney; and (3) Nationwide's conduct constituted a breach of the implied covenant of good faith and fair dealing. The defendants argue the claim should be stricken for failure to state a claim upon which relief can be granted. Nationwide argues neither our Appellate Court nor this state's Supreme Court has recognized this cause of action by a third party claimant. The plaintiff asserts her claim is not based upon the carrier's good faith duty to settle as is the factual posture of virtually all of the Connecticut courts which have considered this issue but rather that her claim is based upon the common law tort duty of an insurer to act in good faith and to deal fairly with others in the conduct of its insurance practices.
The plaintiff relies on Grand Sheet Metal Products Co. v. ProtectionMutual Ins. Co., 34 Conn. Sup. 46 (1977). Grand Sheet Metal involved a plaintiff insured who filed suit against his insurers for bad faith and oppressive business conduct. Id., at 47. In its decision, the court conducted a detailed analysis of a California case, Gruenberg v. AetnaIns. Co., 9 Cal.3d 566, 510 P.2d 1032, 108 Cal.Rptr. 480 (1973), in order to determine whether Connecticut should recognize an implied duty of good faith and fair dealing between an insurer and an insured. Gruenberg is immediately distinguishable from the case at bar because the claimant CT Page 1297-co there was a party to the insurance contract and not a third party claimant as is this plaintiff. Thus, though Grand Sheet Metal adopted the rule of Gruenberg regarding the carrier's duty to deal fairly and in good faith, it was a duty there owed an insured.[1] Yet, it is Judge Hull's analysis of the basis for this cause of action which is instructive. He concluded the plaintiff in Grand Sheet Metal was "asserting a tortious breach of contract based on a tort claim separate from any breach of contract." 34 Conn. Sup., at 47. Citing approvingly the Gruenberg
language that there was an implied covenant of good faith and fair dealing, he continued, "The duty to so act is immanent (sic) in the contract whether the company is attending to the claims, of third personsagainst the insured or the claims of the insured itself (emphasis added)." Id.
The plaintiff before this court claims the cause of action asserted in Count Three has its basis not in contract law but in tort. In fact, while she references, in Paragraph 10, the carrier's obligation and responsibility to defend and indemnify its insured and to act in good faith and with fair dealing in negotiating indemnification of such claims, and, in Paragraph 14, accuses it of acting "in bad faith with respect to the attempted resolution" of the underlying personal injury claim, Court Three does not expressly allege a claim for breach of contract. If in fact an insurer has an obligation to act fairly and in good faith in discharging its contractual responsibilities to its insured, a duty not disputed, what is the legal impediment to the assertion of a tort claim against an insurer who, while discharging those contractual obligations, fails to deal fairly or in good faith with one who asserts a claim under that policy? Where, as here, the insurer initiates personal contact with a party that insurer knows to be represented by counsel and does so repeatedly, fairness and sound public policy suggests there ought to be no such impediment since to wink at this offensive and flagrant business conduct is not only to condone the behavior but to encourage insurance practices perhaps even more opprobrious than that which here occurred. The claim asserted in Court Three is not a contract claim based on the insurer's duty to defend or indemnify its insured or to settle claims brought against its insured but is instead a tort claim against an insurer who, for its own economic motivations, deliberately communicated directly with the plaintiff to attempt a settlement of a claim in order to avoid the negotiation of that claim with the lawyer specifically retained for that purpose. It cannot be said that, under the facts here stated, this subversion of the common law tort principles of fairness and reasonableness does not state a cognizable claim.
The plaintiff here states a claim not for the carrier's failure to accept its responsibilities to its insured under the insurance policy CT Page 1297-cp (specifically, to defend, settle, and pay) but instead asserts a tort claim against a carrier who, in the discharge of its contractual obligations to its insured, repeatedly initiated telephone contacts with a third party claimant who had a claim against that insured and who had retained an attorney to negotiate that claim on her behalf, a fact made known to the carrier who, for its own economic interests, chose to ignore it. The motion to strike Count Three is denied.
Count Five asserts a claim against Nationwide under § 42-110b et seq., the Connecticut Unfair Trade Practices Act (CUTPA). The sole allegation in Count Five alleges Nationwide's conduct in repeatedly telephoning the plaintiff and attempting to persuade her to resolve her claim against its insured without involving the attorney she had retained were unfair or deceptive practices in violation of that statute. In her brief in opposition to the instant motion and at oral argument, the plaintiff claimed the insurer violated § 38a-832 and that that violation supports assertion of a CUTPA claim. The carrier denies the same and argues further the failure to allege the facts necessary to support a finding of a general business practice under Connecticut General Statute § 38a-816 (6), the Connecticut Unfair Insurance Practices Act (CUIPA). Finally, it argues this claim for unfair settlement practices is not actionable by third party claimants.
General Statute § 42-110b (a) provides in pertinent part, "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statute § 38a-832 (a) provides that "No insurer licensed to transact business in this state may, on behalf of itself or its insured, send or knowingly permit to be sent any written communication or make any oral statement to any person known or believed to have a claim for bodily injury or wrongful death against one of its insureds that affirmatively advises against the need for or discourages the retention of an attorney to represent the interest of such person in prosecuting or settling such bodily injury or wrongful death claim."
While Count Five nowhere alleges the Nationwide adjuster affirmatively advised the plaintiff not to retain an attorney or tried to dissuade her from retaining one (In point of fact, she had already engaged an attorney when the phone calls occurred.), it can fairly be concluded that, in communicating with the plaintiff in attempting to resolve her claim without the participation of her attorney, the carrier was intending to convey the message she had no need for an attorney. Whether that conduct constituted a violation of § 38a-832 turns upon whether the telephone contacts constituted affirmative advice she did not need an attorney to settle her case, a question more appropriately determined by a jury. CT Page 1297-cq
The defendant relies upon Lees v. Middlesex Insurance Company,299 Conn. 842 (1994). Our Supreme Court there held the defendant's "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a "general business practicer as required by § 38a-816 (6)." Id., at 849. The defendant ignores that this plaintiff has not alleged a CUIPA violation and, thus, the issue whether the assertion of a CUIPA violation can support a finding of a CUTPA violation is irrelevant. Likewise, the defendant ignores that the insurer's duty in a CUTPA claim stems "not from the private insurance agreement but from a duty imposed by statute." SeeHeyman Associates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,790 (1995).[2]
The defendant relies upon Mead v. Burns, 199 Conn. 651 (1986) for the proposition no CUTPA claim lies for conduct which does not also violate CUIPA where the alleged misconduct is related to the insurance industry.Id., at 663-666. Mead, however, was decided prior to the legislature's enactment of § 38a-832 in 1998. That statute prohibits the making. of an "oral statement" for the purposes there proscribed and the Court inMead therefore had no reason to consider the issue before this court. Additionally, when the statute made actionable the making of a single oral statement, this court cannot conclude the requirement of a general business practice must be alleged. While our Supreme Court in Mead found such a requirement with regard to CUIPA claims, the language of CUIPA does not expressly reference a single act. All that is required by §38a-832 is a single act.
Whether the multiple phone calls alleged constitute a single transaction and, if so, whether that is sufficient to state a CUTPA claim given the alleged violation of § 38a-832 or whether those multiple phone calls and multiple statements are sufficient to establish a general business practice and an unfair or deceptive act or practice under CUTPA is a question not yet determined by our decisional law and should be reserved for another court. The defendant's motion to strike Count Five is denied.
SHEEDY, J.